**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SERGIO DUARTE-HERRERA,**

Petitioner,

v. Civil Action No. **3:26CV857 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Petitioner, a federal detainee, proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 9.) In his compliant § 2241 Petition filed on September 24, 2026, Petitioner sought his release from immigration detention.

It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 10. Accordingly, by Memorandum Order entered on October 7, 2026, the Court directed Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id*. at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.*

On October 13, 2026, Respondents filed an Opposition arguing that the § 2241 Petition is materially different than *Ortega Miranda* because it is now moot. ECF No. 11, at 1–2. On September 23, 2026, Petitioner was ordered removed and he waived his right to appeal, making the order of removal final. *Id.* at 1. Respondents note that Petitioner is no longer in custody and was removed from the United States to his native Colombia on October 4, 2026. *Id.* (citing [ECF No. 11-2, at 1–3]).

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner challenged his continued detention. The record reflects that he is no longer detained. These circumstances render the § 2241 Petition moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that "[a] case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon

completion of revoked term of imprisonment). Accordingly, the § 2241 Petition (ECF No. 9) will be DENIED. The action will be DISMISSED AS MOOT.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 23, 2026
Richmond, Virginia